**James D. CLAWSON, Plaintiff—Appellant,**

v.

**Clifford RAMSON, Officer; City and County of Honolulu, Defendants—Appellees.**

No. 01–16417.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided June 16, 2003.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

Before: SCHROEDER, Chief Judge, ALARCÓN, and FISHER, Circuit Judges.

### MEMORANDUM *

This is a suit by the plaintiff, James Clawson, alleging that a Honolulu policeman violated his Fourth Amendment rights when the policeman briefly seized Clawson's driver's license as a result of a case of mistaken identity. The case went to the jury with instructions to which the plaintiff acquiesced. The jury found for the defendants, and their position that there had been no violation of the Fourth Amendment because the detention was not unreasonable. The court then entered judgment for the police officer on immunity grounds.

On appeal, Clawson contends that the district court should have found that there was a violation of the Fourth Amendment as a matter of law, and that any reasonable officer would have known that his conduct violated the Fourth Amendment. Clawson's position appears to be that because the Fourth Amendment is clearly established, the judge should have deter-

mined as a matter of law that the police officer's conduct violated it. The conclusion does not follow the premise. The jury found that the officer's conduct was not unreasonable. *Anderson v. Creighton*, 483 U.S. 635, 638–39, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). It may well be that the district court should have determined the immunity issue before trial. *Saucier v. Katz*, 533 U.S. 194, 200–01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (immunity questions should be resolved early because they concern immunity from the suit itself). But there was no prejudice to Clawson in having the case go to the jury before the district court ruled on the officer's motion for qualified immunity as a matter of law. We decline to consider Clawson's argument that the district court erred in instructing the jury, because he did not preserve his objections to the jury instructions.

There is no merit to Clawson's contention that the district court should have granted a new trial, because as the district court observed, Clawson did not provide any basis for the court's rejecting the jury's verdict that the seizure was reasonable.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.